UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **GEORGE CLERON MORGAN,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | **CIVIL ACTION V-06-13** |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| Respondent. | § | |

**ORDER**

Pending before the Court is Petitioner's Motion for Leave to Add Claim and Combined Motion to Add Claim (Dkt. #7). After consideration of the motion and relevant law, the Court is of the opinion that Petitioner's motion should be GRANTED.

Petitioner George Morgan ("Morgan") argues that the Court should permit him to amend his Petition to add an additional claim asserting that he did not receive an impartial administrative review as to disciplinary case number 20060060459.[1] Morgan's motion to amend is dated August 9, 2006, and was filed on August 15, 2006, which is approximately seven months after Morgan filed his Petition.

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts permits the application of the Federal Rules of Civil Procedure in habeas cases "to the extent that [the civil rules] are not inconsistent with any statutory provisions or [the habeas] rules." *Mayle v. Felix*, 545 U.S. 644 (2005); *see also* Fed. R. Civ. P. 81(a)(2). Title 28 U.S.C. § 2242 provides that habeas applications "may be amended ... as provided in the rules of procedure applicable to civil

---

[1] Disciplinary case number 20060060459 is one of the two disciplinary proceedings that were originally challenged by Morgan in his Petition.

actions." Accordingly, Federal Rule of Civil Procedure 15 applies when considering motions to amend a habeas petition. *Mayle*, 545 U.S. at 2569.

Rule 15 states that leave to amend "shall be freely given when justice so requires." However, leave to amend is by no means automatic. *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). The decision to grant or deny leave to amend is within the sound discretion of the trial court. *Id.*

Prisoners are required to exhaust all available state remedies before proceeding with a federal habeas petition. 28 U.S.C. §§ 2254(b)-2254(c). When prison disciplinary proceedings are challenged, a prisoner must exhaust all prison grievance procedures before proceeding to federal court. *See Gartrell v. Gaylor*, 981 F.2d 254, 258 n. 3 (5th Cir. 1993). A prison grievance is considered sufficient if it gives officials a fair opportunity to address the problem that will later form the basis of a lawsuit. *See Johnson v. Johnson*, 385 F.3d 503, 518 (5th Cir. 2004). Any claim that is not exhausted is procedurally defaulted unless the petitioner shows cause and prejudice for such failure or a fundamental miscarriage of justice. *Moffatt v. Director, TDCJ-CID,* 390 F.Supp.2d 560 (E.D. Tex. 2005).

In the present case, after reviewing the disciplinary grievance record, the Court finds that Morgan has sufficiently exhausted his claim that he was denied an impartial administrative review by prison officials. Morgan's complaint regarding administrative review became ripe when his "Step 1" grievance form was returned to him. At that time, Morgan was first confronted with a reviewing officer's decision regarding his disciplinary proceeding. Morgan proceeded to file a "Step 2" form, where he complained that "Stevenson Unit [o]fficials are not properly investigating claims in disciplinary appeals" and that "[t]he Stevenson Unit administration is establishing a pattern of

retaliation and harassment." When construed liberally, these allegations sufficiently gave officials a fair opportunity to address the claims that Morgan now wishes to make part of his Petition. Notably, Respondent has conceded that the claim that Morgan seeks to add has been exhausted.[2] (Dkt. #9 at 6). Accordingly, Petitioner's Motion for Leave to Add Claim and Combined Motion to Add Claim (Dkt. #7) is hereby GRANTED.

It is so ORDERED.

Signed on this 31st day of January, 2007.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　JOHN D. RAINEY
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[2] In his motion for Summary Judgment, Respondent asserts that Morgan's claim relates to disciplinary case number 20060024024. This appears to be a clerical error, as Respondent concurrently references Morgan's motion to amend, which indicates the correct disciplinary case number: 20060060459.