UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

GEORGE CLERON MORGAN,              §
                                   §
          Petitioner,              §
                                   §
v.                                 §          CIVIL ACTION NO. V-06-13
                                   §
NATHANIEL QUARTERMAN,              §
Director, Texas Department of Criminal  §
Justice, Correctional Institutions Division,  §
                                   §
          Respondent.              §

MEMORANDUM OPINION & ORDER

George Morgan ("Morgan"), an inmate of the Texas Department of Criminal Justice -

Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus

under 28 U.S.C. §§ 2241 and 2254.  (Dkt. #1).  The Director has filed a motion for summary

judgment (Dkt. #9) to which Morgan has responded (Dkt. #17).  Morgan has also filed a motion

for summary judgment.  (Dkt. #17).  Having considered the motions, response, record and the

relevant law, the Court finds that the Director's motion for summary judgment should be

GRANTED and that Petitioner's motion for summary judgment should be DENIED.

Background

Morgan claims that his rights were violated in regard to two distinct disciplinary

proceedings: (1) case number 20060014024; and (2) case number 20060166260.  The Court will

examine each of these disciplinary proceedings separately.

I.        Disciplinary Case Number 20060014024

In disciplinary case number 20060014024, Morgan was charged with the use of indecent

1

or vulgar language, a Level 3, Code 42 violation of the TDCJ-CID Disciplinary Rules and

Procedures for Offenders.[1]  (Disciplinary Hearing Record ("DHR") at 1, 2).  Morgan was notified

of this charge on September 14, 2005 at 9:35 A.M.  (DHR at 1).  On September 16, 2005, Morgan

attended a disciplinary hearing where he was found guilty by a Disciplinary Hearing Officer

("DHO"), who assessed the following punishments:

1.      loss of 45 days of commissary, recreation and property privileges;

2.      42 hours of extra duty;

3.      45 days of cell restriction;

4.      15 days solitary confinement;

5.      a directive to remain in time-earning class L3; and

6.      forfeiture of 15 days of good time credit.

(DHR at 1, 20); (Disciplinary Hearing Tape ("DHT") #20060014024).  On September 19, 2005,

Morgan submitted a step-one grievance, thereby initiating grievance case number 2006011894

and appealing disciplinary case number 20060014024.  (DGR at 1).  Morgan's step-one grievance

was denied on November 11, 2005.  (DGR at 2, 5-7).  On November 23, 2005, Morgan submitted

---

[1] Specifically, a document styled "TDCJ-CID Disciplinary Report and Hearing Record,"
under a section titled "Offense Description," indicates that Morgan "made the following
statement: 'Please use this to wipe your ass, that argument you sent was a bunch of shit.'"  (DHR
at 1).  The document further indicates that Morgan "wrote this on a piece of toilet paper and sent
it to the Assistant Attorney General, M. Bozarth."  (DHR at 1).  The record also contains a letter
from Assistant Attorney General S. Michael Bozarth sent to Warden Brad Casal of the Stevenson
Unit, where Morgan was housed at all relevant times.  (DHR at 4).  The letter indicates that
Morgan sent the note in question to the Attorney General's office, where it was ultimately
received.  (DHR at 4).  However, the record also indicates that Morgan did not send the note to
S. Michael Bozarth himself, but rather to one of his subordinate Assistant Attorney Generals.
This finding is supported by mail log entries and a copy of the note in question.  (DHR at 5, 6).
Also, Morgan has conceded in the relevant disciplinary tape that the note in question was in his
handwriting and that he mailed it.

2

a step-two grievance, also appealing disciplinary case number 20050167101.  (DGR at 8-9).

Subsequently, Morgan's step-two grievance was denied.  (DGR at 9, 10).

## II.    Disciplinary Case Number 20060060459

In disciplinary case number 20060060459, Morgan was charged with possession of

contraband, a Level 2, Code 16 violation of the TDCJ-CID Disciplinary Rules and Procedures for

Offenders.[2]  (DHR at 21).  Morgan was notified of this charge on November 2, 2005 at 7:40 A.M.

(DHR at 21).  On November 17, 2005, Morgan attended a disciplinary hearing where he was

found guilty by a DHO, who assessed the following punishments:

1.    loss of 45 days of commissary and recreation privileges;

2.    45 days cell restriction;

3.    A directive to remain in time-earning class L3; and

4.    forfeiture of 45 days good time credit.

(DHR at 41); (DHT #20060060459).  On December 5, 2005, Morgan submitted a step-one

grievance, thereby initiating grievance case number 2006056911 and appealing disciplinary case

number 2060060459.  (DGR at 22).  This step-one grievance was denied on December 7, 2005.

(DGR at 23).  On December 9, 2006, Morgan submitted a step two grievance, also appealing

disciplinary case number 20060060459.  (DGR at 8-9).  This grievance was denied on January 7,

2006.  (DGR at 26).

On January 17, 2006, Morgan filed this federal petition for a writ of habeas corpus.  (Dkt.

#1 at 8).

---

[2] A document styled "TDCJ-CID Disciplinary Report and Hearing Record," under a
section titled "Offense Description," indicates that Morgan possessed "a yellow envelope with
another offenders [sic] legal mail and material."  (DHR at 21).

3

**Claims and Allegations**

**I.      Disciplinary Case Number 20060014024**

Morgan challenges disciplinary case number 20060014024 on the following grounds:

1.      There is insufficient evidence to support a finding of guilt because the record does not contain a letter addressed to Michael Bozarth or mail logs indicating that a letter was sent to Michael Bozarth.  (Dkt. #1 at 5).

2.      The disciplinary rule against the use of indecent or vulgar language is unconstitutionally broad and vague and "it scope is not limited."  (Dkt. #1 at 5).

3.      The DHO violated due process by failing to call Marti Garcia and Michael Bozarth as witnesses.  (Dkt. #1 at 5).

4.      The DHO violated due process by ignoring relevant case law.  (Dkt. #1 at 5).

5.      The DHO was biased because he "den[ied] questions to charging officer" and because he "prov[ed] case for charging officer."  (Dkt. #1 at 5).

6.      The DHO "lacked jurisdiction to process disciplinary" because there was no showing that a security interest was implicated and because the First Amendment protected Morgan's statement.  (Dkt. #1 at 6).

7.      TDCJ officials denied Morgan an impartial administrative review because "the Senior Warden, Brad Casal, ordered the disciplinary to be written, then he acted as the sole reviewing person in the immediate administrative review, violating due process, etc."  (Dkt. #7 at 1).

**II.     Disciplinary Case Number 20060060459**

Morgan challenges disciplinary case number 20060060459 on the following grounds:

1.      There was insufficient evidence to support a finding of guilt because the DHO "failed to find any intent on behalf of Petitioner to violate TDCJ Policy [and] [t]he element of mens rea is required under Texas law."  (Dkt. #1 at 7).

2.      There was insufficient evidence to support a finding of guilt because the DHO "failed to show that the possession of the papers belonging to Kirson Barnes created a legitimate security interest as required pursuant to state and federal law." (Dkt. #1 at 7).

3.      The disciplinary charges were unconstitutional as applied to Morgan because the

4

rules were "not intended to issue in the case of assisting another in his legal work, or as in this case, securing the legal papers of one who has forgotten to takes his papers with him."  (Dkt. #1 at 7).

4.      The disciplinary charge was made to harass Morgan because "he is legal advisor in the Mughni Rashid Islamic Community and due to pending lawsuit in Victoria division."  (Dkt. #1 at 7).

## III.    Exhaustion of Administrative Remedies

The Director has conceded that Morgan has sufficiently exhausted his administrative remedies as to the claims enumerated above.  (Dkt. #9 at 7).  After reviewing the record, the Court finds that the claims enumerated above are not barred by a failure to exhaust administrative remedies.

## Summary Judgment Standard

A summary judgment shall be issued if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c); *Hall v. Thomas*, 190 F.3d 693, 695 (5th Cir. 1999).  In considering a motion for summary judgment, the court construes factual controversies in the light most favorable to the non-movant, but only if both parties have introduced evidence showing that an actual controversy exists.  *Lynch Properties, Inc. v. Potomac Ins. Co. of Illinois*, 140 F.3d 622, 625 (5th Cir. 1998).[3]  The burden is on the movant to convince the court that no genuine issue of

---

[3] The Fifth Circuit has held that Rule 56 applies only to the extent it does not conflict with the habeas rules.  *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) (citing Rule 11 of the Rules Governing Section 2254 Cases in the District Courts), *cert. granted in part on other grounds, and dism'd*, 124 S. Ct 1652 (2004).  Therefore, 28 U.S.C. § 2254(e)(1)–which mandates that findings of fact made by a state court are "presumed to be correct"–overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party.  *See id.*  Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct.  *See id.*

material fact exists as to the claims asserted by the non-movant, but the movant is not required to negate elements of the non-movant's case. *See Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986).

The non-moving party may not rest solely on its pleadings. *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992). For issues on which the non-movant will bear the burden of proof at trial, that party must produce summary judgment evidence and designate specific facts which indicate that there is a genuine issue for trial. *Celotex*, 106 S. Ct. at 2552; *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,106 S. Ct. 1348, 1356 (1986). To meet its burden, the non-moving party must present "significant probative" evidence indicating that there is a triable issue of fact. *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994). If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc*., 106 S. Ct. 2505, 2511 (1986).

### Discussion

**I.      Disciplinary Case Number 20060014024**

**A.      Non-Actionable Punishments**

To obtain a federal writ of habeas corpus, a state prisoner must show that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254; *Boyd v. Scott*, 45 F.3d 876, 881 (5th Cir. 1994). It is well settled that inmates do not have a liberty interest in a particular inmate classification. *Meachum v. Fano*, 96 S.Ct. 2532 (1976); TEX. GOVT. CODE § 498.003(a)(West 2007)("Good conduct time is a privilege and not a right."). Furthermore, claims

regarding temporary loss of commissary, recreation, visitation, and cell privileges are not actionable in federal court. *Sandin v. Conner*, 115 S.Ct. 2293, 2297 (1995); *Luken*, 71 F.3d at 193. A prison inmate may only seek relief from disciplinary actions which impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 115 S.Ct. at 2300. Accordingly, the Court finds that Morgan has failed to show a deprivation that entitles him to federal habeas corpus relief as to his loss of privileges, extra duty, cell restriction, periods of solitary confinement and time-earning status. In addition, any adverse effects that Morgan's disciplinary action may have had on his parole are not actionable because Texas prisoners do not have any liberty interest in parole. *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995). Nonetheless, Morgan's loss of good-time credits remains actionable.

### B. Insufficient Evidence

Morgan asserts that he should be granted habeas relief because the record does not contain evidence showing that he sent the toilet-paper note in question to Assistant Attorney General S. Michael Bozarth ("Bozarth"). Morgan's claim is without merit.

Prison disciplinary hearing findings will not be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995)(citing *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. Unit A 1981)). There is sufficient evidence to uphold a prison disciplinary decision if there is "some" evidence or whether any evidence at all supports the action taken by prison officials. *Banuelos*, 41 F.3d at 234 (citing *Smith*, 659 F.2d at 545).

In disciplinary case number 20060014024, Morgan was charged with the "use of indecent or vulgar language." (DHR at 1,2). This disciplinary rule in question prohibits the "use of indecent or vulgar language or indecent or vulgar gestures in the presence of or directed at an

employee or any person who is not an offender."  Texas Department of Criminal Justice,

*Disciplinary Rules and Procedures for Offenders*, http://www.tdcj.stat.tx.us/publications/cid/GR-

106%20Web%20doc%20English%202-07.pdf (last visited September 5, 2007).  Under this

standard, the record contains ample evidence supporting a finding of Morgan's guilt.  The

following record evidence supports this finding: (1) a letter from Bozarth indicating that his office

received the note in question (DHR at 4); (2) a copy of the note (DHR at 6); (3) mail log entries

showing that Morgan mailed a letter containing the note to an Assistant Attorney General (DHR

at 5); and (4) Morgan's own statements that he was responsible for the note in question (DHT

#20060014024); *See* (DHR at 1).  The Court finds that this evidence constitutes "some" evidence

that supports the actions of the prison officials.

Morgan argues that the above evidence is insufficient because the relevant charging report

states that he sent the toilet-paper note "to the Assistant Attorney General, Michael Bozarth."

(DHR at 1).  Morgan claims that because the charging report contains this language, evidence that

the note in question was sent directly to Bozarth is required.  The Court is not persuaded by this

argument.

Prison inmates are entitled to 24 hours of advanced written notice of their disciplinary

charges.  *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1976).  The

purpose of this notice requirement is to "inform [the accused] of the charges and to enable him to

marshal the facts and prepare a defense."  *Id.* at 564.  However, the due process afforded to

inmates by the notice requirement is limited and "anonymous and merely generalized accusations

[may] form the sole basis for disciplinary action against a prison inmate."  *Smith*, 659 F.3d at 545.

The Court finds that the notice afforded to Morgan by the charging report was sufficient to

meet the notice requirement delineated in *Wolff v. McDonnell*.  Morgan was charged with "use of indecent or vulgar langauge."  (DHR at 2).  The relevant charging report, signed by Morgan, cites the precise, distinctive language used in the offending note.  (DHR at 1).  This information was sufficient to allow Morgan to marshal any necessary facts and to prepare his defense because he was on notice of the core of the factual conduct that would be at issue.  As stated above, the purpose of the charging report was to notify Morgan about the facts that would be at issue.  The charging report, however, did not serve to define the elements of the offense charged. Accordingly, Morgan is not entitled to habeas relief on this claim.

**C.    The Disciplinary Rule is Unconstitutionally Broad or Vague and Does Not Implicate a Security Interest (Claims Two and Six)**

Morgan argues that the disciplinary rule prohibiting the use of indecent or vulgar language is unconstitutionally broad and vague and "it scope is not limited."  Morgan is concerned that the rule may encompass communications (1) not directed at a TDCJ-CID offical; (2) that do not implicate a security interest; and (1) that are communicated to "any person who is not an offender."  Morgan's argument is without merit.

"'A prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.'" *Freeman v. Texas Department of Criminal Justice*, 369 F.3d 854, 863 (5th. Cir. 2004)(quoting *Pell v. Procunier*, 417 U.S. 817, 822, 94 S.Ct. 2800 (1974)).  Accordingly, "'[c]hallanges to prison restrictions that are asserted to inhibit First Amendment interests must be analyzed in terms of the legitimate policies and goals of the corrections system.'" *Adams v. Grunnell*, 729 F.2d 362, 367 (5th Cir. 1984)(quoting *Pell*, 417 U.S at 822).  It is proper to defer to the

9

professional judgment of prison officials when determining if such substantial government interests were furthered "'in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations . . . .'" *Adams*, 729 at 367 (quoting *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 128, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977)).

      To the extent that Morgan argues that the disciplinary rule in question is unconstitutionally vague, his argument fails for several reasons. "A facial challenge for vagueness is appropriate only on an allegation that the law is vague 'not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all.'" *Ferguson v. Estelle*, 718 F.2d 730, 735 (5th Cir. 1983)(per curiam)(quoting *Coates v. City of Cincinnati*, 402 U.S. 611, 614, 91 S.Ct. 1618, 29 L.Ed.2d 214 (1971)). The disciplinary rule in question prohibits the "use of indecent or vulgar language or indecent or vulgar gestures in the presence of or directed at an employee or any person who is not an offender." Texas Department of Criminal Justice, *Disciplinary Rules and Procedures for Offenders*, http://www.tdcj.stat.tx.us/publications/cid/GR-106%20Web%20doc%20English%202-07.pdf (last visited September 5, 2007). The Fifth Circuit has previously upheld a similar prison disciplinary rule on vagueness grounds. *Gibbs v. King*, 779 F.2d 1040, 1045-46 (5th Cir. 1986)(finding that a rule proscribing "unwarranted or uncalled for remarks" was not unconstitutionally vague). Therefore, the current rule in question does indeed specify a standard of conduct that is readily discernable and not unduly vague. To the extent that Morgan challenges the rule on an as applied basis, the Court finds that the language in the relevant toilet-paper note clearly falls within the purview of the conduct proscribed by the rule

at issue.[4]

Morgan's claim that the disciplinary rule at issue is unconstitutionally broad also fails. "A statute is unconstitutionally overbroad, if it, as written and as construed by the authoritative state court, reaches a substantial amount of constitutionally protected conduct." *Ferguson*, 718 F.2d at 733 (citations omitted). Morgan claims that the rule at issue is overbroad because it prohibits indecent or vulgar communications to "any person who is not an offender." To support this proposition, Morgan cites the following cases which allow indecent or vulgar communications with personal non-inmate third parties in the prison context: (1) *Thornburgh v. Abbott*, 490 U.S. 401, 109 S.Ct. 1874, 1881-82, 104 L.Ed.2d 459; (2) *Procunier v. Martinez*, 416 U.S. 396, 94 S.Ct. 1800, 1802, 1806, 1813, 40 L.Ed.2d 224; and (3) *McNamara v. Moody*, 606 F.2d 621, 625 (5th Cir. 1979). Indeed, the Fifth Circuit has recognized that certain indecent or vulgar comments made to personal third parties in non-legal outgoing mail may be permissible. *McNamara*, 606 F.2d at 623-24; *See also Thornburgh*, 490 U.S. at 411-14. Although some of this protected conduct may fall within the scope of the disciplinary rule in question, the Court finds that the rule's impermissible applications are not substantial when judged in relation to the rule's plainly legitimate sweep. The amount of conduct properly proscribed by the disciplinary rule is wide ranging. The protected conduct which may fall within the rule's sweep is but a small portion of all proscribed conduct. There is no evidence showing that the disciplinary rule in question has resulted in a "chilling effect" or that it has been improperly applied. "Overbreath analysis does

---

[4] This finding bolsters the Court's decision regarding Morgan's facial vagueness challenge to the rule because "a petitioner will not be permitted to challenge a statute for imprecision if his own conduct is clearly within the core of proscribed conduct." *Ferguson*, 718 F.2d at 735.

not demand perfect exactness; it does not demand that a law be stricken for marginal prospects of unconstitutional application." *Ferguson*, 718 F.2d at 734.  Accordingly, it would be improper to invalidate the pertinent disciplinary rule in its entirety.  *Cf. Ferguson*, 718 F.2d at 734 ("'If there is any difficulty, which we are far from intimating, it will be time enough to consider it when raised by someone whom it concerns.'")(quoting *United States v. Wurzbach*, 280 U.S. 396, 50 S.Ct. 167, 169, 74 L.Ed. 508 (1930)(Holmes, J.)).

Lastly, Morgan's argument that his First Amendment rights were violated because a security interest was not implicated is unpersuasive.  Indeed, prison practices or restrictions concerning "legal mail" implicate First Amendment rights.  *Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993).  However, a prisoner's First Amendment rights are limited to those that are "'not inconsistent with [their] status as . . . prisoner[s] or with the legitimate penological objectives of the corrections system.'"  *Brewer*, 3 F.3d at 820 (quoting *Hudson v. Palmer*, 468 U.S. 517, 523, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984)).  Accordingly, "[a] prison practice or regulation may permissibly interfere with an inmate's mail, including his legal mail, if the practice is 'reasonably related to a legitimate penological interest.'" *Means v. Mizell*, Civ. No. 06-4542, 2006 WL 3544857, *5 (E.D. La. Nov. 13, 2006)(quoting *Brewer,* 3 F.3d at 824).  In this case, record evidence supports a finding that Morgan sent a vulgar or indecent note to an Assistant Attorney General acting in her official capacity.  This Assistant Attorney General was functioning as a representative of the Director, a TDCJ-CID official.  Therefore, Morgan indirectly sent a vulgar or indecent message to a TDCJ-CID official.  Such conduct is properly prohibited.[5]  *See Gibbs*,

---

[5] The Court acknowledges that outgoing mail has been distinguished from incoming mail. *Brewer,* 3 F.3d at 825 (quoting *Thornburgh*, 490 U.S. at 413).  Nonetheless, the Court finds that habeas relief is not warranted under the circumstances of this case.

779 F.2d at 1045-46.  Furthermore, this case is distinct from cases involving vulgar or indecent communications with personal third parties.  *See Guajardo v. Estelle*, 580 F.3d 748, 753 (5th Cir. 1978)(explaining that prior First Amendment cases dealt with "direct, particularized personal correspondece").  Non-personal third parties are not required to receive unwanted vulgar or indecent correspondence from prisoners.  *See Grant v. Hollins*, 65 Fed.Appx. 351 (2d Cir. 2003)(upholding "negative correspondence orders").  Under current prison policy at Morgan's unit, inmates may send "legal mail" without inspection to facilitate the pursuit of non-frivolous legal claims.  This policy is vulnerable to the type of abuse that Morgan was found to have engaged in.  However, in the legal mail context, it would generally be improper to issue wholesale "negative correspondence orders."  Instead, the Court finds that indecent or vulgar mail directed at Assistant Attorney Generals (which in this case involved an *ad hominem* attack) may properly be curtailed by disciplinary rules governing indecent or vulgar communications.  Morgan's note was clearly unsolicited, unwanted, harassing and resembled a threat.  The note was not sent for proper legal purposes.  Such conduct would not be tolerated from any member of the bar and therefore should not be tolerated by pro-se petitioners.  *See Lucas v. Kimbell*, No. 2:00-CV-0321, 2003 WL 21730663, *8 (N.D. Tex. July 23, 2003).

### D.      Failure to Call Witnesses

Morgan maintains that the DHO's refusal to call two witnesses: (1) Michael Bozarth; and (2) Marti Garcia ("Garcia") warrants habeas relief.  The Court finds Morgan's argument to be unpersuasive.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  *Wolff v. McDonnell*, 418

U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1976)(citation omitted).  Inmates who have lost good-time credits through a disciplinary proceeding are entitled to an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals.  *Wolff,* 418 U.S. at 563-67.  However, "[p]rision officials must have the necessary discretion to keep [a disciplinary] hearing within reasonable limits and [to] refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence."  *Id.* at 566.  Moreover, to be entitled to relief, a 2254 habeas petitioner must demonstrate that "the error at issue 'had substantial and injurious effect or influence in determining' the proceeding's outcome."  *Williams v. Johnson,* 171 F.3d 300, 307 (5th Cir. 1999) (quoting *Brecht v. Abrahamson,* 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)).

Under the circumstances of Morgan's disciplinary hearing, it was reasonable for the DHO to refuse to call Bozarth as a witness.  Ample record evidence before the DHO supported a finding of Morgan's guilt.  At the same time, Bozarth's involvement in the facts surrounding Morgan's charge was tangential.[6]  He merely relayed the offending note in question to prison officials and explained his involvement via letter.  When these circumstances are balanced with legitimate penological interests, it is clear that the DHO's decision to refuse to call Bozarth as a witness was reasonable.  Moreover, Morgan has not demonstrated that any error related to the refusal to call Bozarth has had a substantial and injurious effect or influence in determining the proceeding's outcome.

---

[6] Morgan apparently wished to ask Bozarth about improper legal opinions rather than proper factual inquiries.  (Dkt. #17-3).

14

Similarly, it was reasonable for the DHO to refuse to call Garcia, a mailroom supervisor, as a witness. The DHR contains proposed questions for Garcia. (DHR at 14, 15). These proposed questions involve the procedures for logging mail and the procedures for inspection of "legal mail." (DHR at 14, 15). However, the DHR also contains a witness statement from Garcia indicating that mailroom personnel do not screen legal mail. (DHR at 12). Therefore, had Garcia been called, her testimony would have been either irrelevant or duplicative. Furthermore, ample evidence presented at the disciplinary hearing pointed to Morgan's guilt. Moreover, Morgan has not demonstrated that any error related to the refusal to call Garcia has had a substantial and injurious effect or influence in determining the proceeding's outcome. Accordingly, the DHO's refusal to call Garcia as a witness does not warrant habeas relief.

### E.    The DHO Ignored Relevant Case Law

Morgan claims that the DHO's failure to consider certain cases and to enter their citations on the record warrants habeas relief. Specifically, Morgan attempted to place the following case citations on the DHR: (1) *Thornburgh v. Abbott*, 109 S.Ct. 1874, 1881-82; (2) *Procunier v. Martinez*, 94 S.Ct. 1800, 1802, 1806, 1813; (3) *McNamara v. Moody*, 606 F.2d 621, 625 (5th Cir. 1979); and (4) *Elrod v. Burns,* 96 S.Ct. 2673, 2689 (1976). *See* (Dkt. #17-3). Morgan's claims are without merit.

Prison officials must have the necessary discretion to keep a disciplinary hearing within reasonable limits and to limit access to compile documentary evidence. *Wolff,* 418 U.S. at 566. During Morgan's disciplinary hearing, the DHO gave Morgan an opportunity to characterize the holdings of the above-referenced cases. (DHT #20060014024). After Morgan had stated his characterizations, the DHO refused to enter the citations on the record because he found them not

to be relevant.

The Court has examined the cases cited by Morgan.   While the cited cases involve inmates' First Amendment rights under various circumstances, none of the cited cases exculpate Morgan.  The Fifth Circuit has charted the history of First Amendment claims in the legal mail context in *Brewer v. Wilkinson*.  3 F.3d 816.  In doing so, the appellate court summarized the cases cited by Morgan and established a standard for dealing with legal mail claims.  As discussed in Section (I)(C), *supra*, the Court has applied this standard and determined that Morgan is not entitled to habeas relief on these grounds.  Accordingly, the Court finds that the DHO did not abuse his discretion by refusing to include Morgan's citations within the DHR.

### F.    The DHO Was Biased

Morgan argues that the DHO was biased because he "den[ied] questions to charging officer" and because he "prov[ed] case for charging officer."  (Dkt. #1 at 5).  Morgan's claim is without merit.

"'[P]rison disciplinary hearing officers are not held to the same standard of neutrality as adjudicators in other contexts.'"  *Frank v. Larpenter*, No. 99-31242, 2000 WL 1598076, *3 (5th Cir. Oct. 3, 2000).  To prevail on a claim of bias, Morgan must show that the actions taken presented "'such a hazard of arbitrary decisionmaking that it should be held violative of due process of law.'"  *Frank*, 2000 WL 1598076 at *3 (quoting *Wolff v. McDonnell*, 418 U.S. at 571).  After listening to the DHT, it is clear that the DHO allowed many questions to be posed to the charging officer.  The limited amount of denied questions do not support a finding of bias.  It is also clear that the DHO initially questioned Morgan about the factual background of the relevant disciplinary charges.  Nothing in the DHO's initial questioning supports a finding of bias.

16

Moreover, Morgan's claims fail because they are conclusory and because he has not demonstrated that any error resulted in a substantial and injurious effect or influence on the proceeding's outcome.  Accordingly, Morgan is not entitled to habeas relief on this ground.

### G.     Denial of Impartial Administrative Review

Morgan maintains that he was denied an impartial administrative review because "the Senior Warden, Brad Casal, ordered the disciplinary to be written, then he acted as the sole reviewing person in the immediate administrative review, violating due process, etc."  (Dkt. #7 at 1).  Morgan is entitled to an impartial administrative review of his disciplinary claim. However, "the requirement of an impartial tribunal prohibits only those officials who have a direct personal or otherwise substantial involvement, such as major participation in a judgmental or decision-making role, in the underlying charge from sitting on the disciplinary body."  *Meyers v. Alldredge*, 492 F.2d 296, 306 (3rd Cir. 1974).

The Court finds that Senior Warden Brad Casal's ("Warden Casal") involvement in Morgan's disciplinary case does not warrant habeas relief on the grounds of impartiality or bias. The record supports a finding that Warden Casal merely received a letter from Assistant Attorney General S. Michael Bozarth explaining the circumstances of this case and then forwarded the information to prison officers for investigatory purposes.  The record does not contain any evidence showing that Warden Casal directed his officers to file a disciplinary charge against Morgan or to find Morgan guilty.  To the contrary, officer Michael Jackson is listed as Morgan's accusing officer.  (DGR at 1, 2).  The record, therefore, does not support a finding that Warden Casal had "personal or substantial involvement" in Morgan's case before he assumed the role of a reviewing official and discharged his duties.

17

**II.      Disciplinary Case Number 20060060459**

    **A.      Non-Actionable Punishments**

As described in Section (I)(A), *supra*, disciplinary punishments not involving the loss of good-time credits are generally not actionable in federal court.  Accordingly, Morgan's loss of commissary and recreation privileges, 45 days cell restriction and directive to remain in time-earning class L3 are not actionable.  Nonetheless, Morgan's loss of 45 days of good-time credit remains actionable.

    **B.      Insufficient Evidence (Claims One and Two)**

Morgan argues that there was insufficient evidence to support a finding of guilt because: (1) the DHO "failed to find any intent on behalf of Petitioner to violate TDCJ Policy [and] [t]he element of *mens rea* is required under Texas law"; and (2) the DHO "failed to show that the possession of the papers belonging to Kirson Barnes created a legitimate security interest as required pursuant to state and federal law."  Morgan's arguments are without merit.

The findings of a prison disciplinary hearing will not be disturbed unless they are arbitrary and capricious.  *Banuelos*, 41 F.3d at 234.  There is sufficient evidence to uphold a prison disciplinary decision if there is "some" evidence or whether any evidence at all supports the action taken by prison officials.  *Banuelos*, 41 F.3d at 234 (citing *Smith*, 659 F.2d at 545).

The record contains sufficient evidence to support a finding of Morgan's guilt.  In disciplinary case number 20060060459, Morgan was charged with "possession of contraband," namely, the possession of a yellow envelope containing another prisoner's legal documents. (DHR at 21, 22).  The relevant disciplinary rule provides as follows:

16.0  Possession of contraband - for the purpose of these rules, contraband is:

18

a.      Any item not allowed when the offender arrived at TDCJ, not given or assigned to an offender by TDCJ, and not bought by an offender for his use from the commissary.

. . . .

Texas Department of Criminal Justice, *Disciplinary Rules and Procedures for Offenders*, http://www.tdcj.stat.tx.us/publications/cid/GR-106%20Web%20doc%20English%202-07.pdf, 26 (last visited September 5, 2007).  The record contains a "statement of fact" signed by Morgan, indicating that he "spoke up and said [that he] would take possession of the envelope."  (DHR at 30).  The statement further indicates that Morgan did indeed possess the envelope in question and that he presented it to a jail official when asked about it.  (DHR at 30).  The Court finds that this evidence is more than "some" evidence and therefore habeas relief is not warranted on this ground.  Morgan's claim that there is no proof of intent fails because the above-cited evidence clearly supports a finding that Morgan intentionally possessed the contraband in question.  To the extent that Morgan claims a security interest was not implicated, the Court also finds this to be without merit.

### C.      The Disciplinary Charges Were Unconstitutional As Applied

Morgan claims that the disciplinary charges were unconstitutional as applied to him because the rules were "not intended to issue in the case of assisting another in his legal work, or as in this case, securing the legal papers of one who has forgotten to takes his papers with him." (Dkt. #1 at 7).  Morgan, however, fails to direct the Court to any federal law involving exhausted issues that would entitle him to relief.  Instead, Morgan appears to be challenging the interpretation of TDCJ-CID rules.  Federal courts do not review a state's interpretation of its own law on habeas review.  *Schaetzle v. Cockrell*, 343 F.3d 440, 448-49 (5th Cir. 2003).  Habeas

19

corpus is available only for the vindication of rights existing under federal law.  *Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986).  Accordingly, Morgan's claim is without merit.

### D.      Retaliation

Morgan argues that the disciplinary charge at issue was made to harass him because "he is legal advisor in the Mughni Rashid Islamic Community and due to pending lawsuit in Victoria division."  (Dkt. #1 at 7).  To sustain a retaliation claim, Morgan must establish: (1) the existence of a specific constitutional right; (2) the defendant's intent to retaliate for the exercise of that right; (3) a retaliatory adverse act; and (4) causation.  *Freeman*, 369 F.3d at 863 (citing *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995)).  The Fifth Circuit has expounded on the retaliation standard as follows:

> [Retaliation claims place] a significant burden on [an] inmate.  Mere conclusory allegations of retaliation will not withstand a summary judgment challenge.  The inmate must produce direct evidence or motivation or, the more probable scenario, "allege a chronology of events from which retaliation may plausibly be inferred." Although we decline to hold as a matter of law that a legitimate prison disciplinary report is an absolute bar to a retaliation claim, the existence of same, properly viewed, is probative and potent summary judgment evidence, as would be evidence of the number, nature, and disposition of prior retaliation complaints by the inmate.

*Woods*, 60 F.3d at 1166 (citations omitted).

The record before the Court does not establish a valid retaliation claim.  Morgan has presented only conclusory allegations of retaliation and he was legitimately punished for possessing contraband.  There is no evidence of repeated retaliation complaints or other incidents that would support a "chronology of events" demonstrating retaliation.  There is no evidence supporting an inference of retaliation.  Accordingly, the court finds that Morgan is not entitled to

habeas relief for his retaliation claim.

### III.     Certificate Of Appealability

A Certificate of Appealability will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 120 S.Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*; *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).  A district court may deny a Certificate of Appealability, *sua sponte*, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  The Court has determined that Morgan has not made a substantial showing that reasonable jurists would find the Court's procedural ruling to be debatable; therefore, a Certificate of Appealability from this decision will not be issued.

### Conclusion

The Court **ORDERS** the following:

1.      This petition for a writ of habeas corpus is **DISMISSED**, with prejudice.

2.      The petitioner's motion for summary judgment (Dkt. #17) is **DENIED**.

3.      The Director's motion for summary judgment (Dkt. #9) is **GRANTED**.

4.      A Certificate of Appealability is **DENIED**.

**SIGNED** on this 27th day of September, 2007.


JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE

22